**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 10 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS AGUSTIN CACERES, AKA Juan Perez Hernandez, | No. 16-73679 |
| Petitioner, | Agency No. A200-880-299 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Carlos Agustin Caceres, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Caceres does not challenge the agency's dispositive determinations that he failed to establish past persecution on account of a protected ground, including his political opinion, or that his social group based on his status as a returnee was not cognizable. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). To the extent Caceres raises a social group based on his relationship to his brother, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Caceres' withholding of removal claim fails.

In light of this disposition, we do not reach Caceres' contentions regarding credibility. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Caceres' contentions that the agency violated his due process rights by failing to consider his asylum application fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). We do not

address Caceres' contentions regarding his eligibility for asylum.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**